** FILED ** Env: 8291542
McHenry County, Illinois
20LA000026
Date: 1/30/2020 2:45 PM
Katherine M. Keefe
Clerk of the Circuit Court

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF MCHENRY    )

IN THE CIRCUIT COURT OF MCHENRY COUNTY, ILLINOIS
LAW DIVISION

| | |
|---|---|
| JASON MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | General No. 20LA000026 |
| vs. ) | |
| ) | |
| TARGET CORPORATION, a foreign ) | |
| corporation, d/b/a, TARGET STORES ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, **JASON MCDANIEL**, by and through his attorneys, **SOFFIETTI, JOHNSON, TEEGEN, ARGUETA, BAWCUM & BARONE, LTD.**, and complaining of the Defendant, **TARGET CORPORATION**, a foreign corporation, d/b/a, **TARGET STORES**, states as follows:

1. That at all times relevant herein, the Plaintiff, **JASON MCDANIEL**, was a resident of the City of McHenry, County of McHenry and State of Illinois.

2. That at all times relevant herein, the Defendant, **TARGET CORPORATION** (**"TARGET"**), was a corporation that was doing business in the County of McHenry and State of Illinois.

3. That at all times relevant herein, **TARGET** also maintained, operated and controlled a certain retail store located at 115 N. Randall Road, Batavia, Illinois 60510, which consisted of a commercial building structure ("the Premises").

**NOTICE**
THIS CASE IS HEREBY SET FOR A SCHEDULING CONFERENCE IN COURTROOM TBD ON 04/30/20, AT 9:00 a.m. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

Exhibit A

4. That on or about September 26, 2019, **TARGET** hired Metro Tech Service Corporation, a heating, ventilation, and air conditioning company to service certain heating and air condition units located on the roof of the Premises ("HVAC work").

5. That on September 26, 2019, the Plaintiff, **JASON MCDANIEL**, was lawfully on the Premises on behalf of Metro Tech Service Corporation as one of its employee and was then and there performing and assisting with the HVAC work.

6. That on September 26, 2019, it was then and there the duty of **TARGET**, to maintain the Premises, including the roof and any and all stairs which provided access thereto, in a reasonable and safe manner and condition and to warn invitees, such as the Plaintiff, and others lawfully thereon, of any unreasonable and/or dangerous conditions and/or risks of harm that existed thereon.

7. That on September 26, 2019, **TARGET,** by and through its agents and employees, maintained, operated and controlled the Premises in such a negligent manner that the Plaintiff did, while performing the HVAC work, slip and fall down a set of metal stairs which provided access to its roof, thereby causing him to strike the concrete floor inside the Premises and causing him to suffer severe and permanent injuries.

8. That at the above time and date, **TARGET** by and through its agents and employees, negligently did or failed to do one or more of the following acts or things in connection with its maintenance, operation and control of the Premises:

    A. Negligently failed to warn invites on the Premises, such as the Plaintiff, about the potential hazards associated with walking up and down the metal stairs which accessed the roof,

    B. Negligently failed to warn invites on the Premises, such as the Plaintiff, that the metal stairs which

accessed the roof, lacked the requisite grab bar and/or guard rail to support such persons safety,

C. Negligently failed to warn invites on the Premises, such as the Plaintiff, that the metal stairs which accessed the roof, lacked the requisite tread and structural integrity to support and protect such persons safety,

D. Negligently exposed invitees, such as the Plaintiff and others who were performing the HVAC work, to the potential hazards of falling down metal stairs which accessed the roof, where the roof lacked the requisite grab bar and/or guard rail to support such persons safety;

E. Negligently exposed invitees, such as the Plaintiff and others who were performing the HVAC work, to the potential hazards of falling down the metal stairs which accessed the roof, where the metal stairs lacked the requisite tread and structural integrity to support and protect such persons safety,

F. Negligently exposed invitees, such as the Plaintiff and others who were performing the HVAC work, to the potential hazards of falling down the metal stairs which accessed the roof, where the opening to the roof lacked the requisite guardrail protection to protect and support such persons safety;

G. Negligently failed to provide the requisite tread and structural integrity to the metal stairs that the Plaintiff was using to access the roof on the Premises while performing the HVAC work,

H. Negligently failed to provide the requisite grab bar and/or guard rail for the metal stairs that the Plaintiff was using to access the roof on the Premises while performing the HVAC work,

I. Negligently failed to provide the requisite guardrail protection to the opening on the roof at the Premises that the Plaintiff was using to access the roof on the Premises while performing the HVAC work,

J. Carelessly and negligently failed to make a reasonable inspection of the Premises, including the metal stairs which accessed the roof, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff,

K. Was otherwise negligence in maintaining the metal stairs that the Plaintiff was using to access the roof on the Premises while performing the HVAC work,

L. Carelessly and negligently operated, managed, maintained and controlled said Premises;

M. Carelessly and negligently created an unreasonable and unsafe condition;

9. That **TARGET** knew or on reasonable inspection should have known of the conditions and deficits alleged in Paragraph 8.

10. That as a direct and proximate result of the aforesaid acts or omissions, or combination thereof, the Plaintiff, **JASON MCDANIEL**, suffered severe injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind and has caused and in the future will cause the Plaintiff to expend large sums of money for the care and treatment of said injuries. By reason of said injuries, he has and will be prevented from attending to her usual affairs and duties.

**WHEREFORE**, the Plaintiff, **JASON MCDANIEL**, demands judgment against the Defendant, **TARGET CORPORATION**, a foreign corporation, d/b/a, **TARGET STORES**, in a sum in excess of $50,000 plus the costs of this proceeding.

                                      **SOFFIETTI, JOHNSON, TEEGEN, ARGUETA, BAWCUM & BARONE, LTD.,** Attorneys for Plaintiff

                                      **BY:**   /s/ David J. Bawcum
                                                      One of his Attorneys

**David J. Bawcum, #6285720**
**SOFFIETTI, JOHNSON, TEEGEN,**
**ARGUETA, BAWCUM & BARONE, LTD.**
Attorneys at Law
74 East Grand Avenue
Post Office Box 86
Fox Lake, Illinois 60020-0086
847-587-2551; FAX: 847-587-4538
dbawcum@sjtpom.com